**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-02381-CMA-STV

JODI STEMPLE,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment, in which Defendant requests that the Court enter summary judgment in its favor on Plaintiff Jodi Stemple's claims for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116; common law bad faith; and exemplary damages. (Doc. # 81.) For the reasons described below, the Court grants Defendant's Motion for Partial Summary Judgment.

## I.  BACKGROUND

On September 2, 2014, Plaintiff was injured in a motor vehicle accident when her vehicle was struck by a vehicle driven by non-party Raymond Bryant, who had sped through a red light at an intersection in Denver, Colorado. (Doc. # 75 at 1.) Plaintiff

asserts that, as a result of the collision, she sustained "serious injuries, including permanent injuries to her cervical spine, [such as] a herniated disc in her neck that is impinging on her spinal cord, which in turn is causing radicular pain and . . . may result in future surgery."  (Doc. # 84 at 3.)

Mr. Bryan was at fault for the accident.  (Doc. # 81-1 at 22–23.)  Mr. Bryant was insured by non-party Progressive Direct Insurance Company and had a policy limit of $25,000.  (Doc. # 75 at 2.)  Plaintiff settled her claims against Mr. Bryant for his policy's $25,000 limit in March 2016.  (*Id.*; Doc. # 81 at 2.)

On the date of the collision, Plaintiff maintained an automobile insurance policy with Defendant, Policy No. 326721206Q ("the Policy").  (Doc. # 75 at 2.)  The Policy included underinsured motorist ("UIM") coverage up to $100,000.  (*Id.*)  On April 4, 2016, more than a year and a half after the collision, Plaintiff, acting through counsel, demanded from Defendant the $100,000 limit of her UIM coverage under the Policy and submitted various medical records and bills in support of her claim.  (Doc. # 81-1 at 33; Doc. # 81 at 2.)  Defendant's claim adjuster, Matt Schultz, completed an evaluation of Plaintiff's demand on May 5, 2016, and estimated the net value of Plaintiff's claim to be between $3,614 and $19,114.  (Doc. # 81-1 at 5; Doc. # 81 at 2.)  On the same day, Defendant made an initial settlement offer of $5,000 to Plaintiff.  (Doc. # 81 at 2; Doc. # 81-1 at 32.)  Plaintiff did not respond to the initial settlement offer, nor did she respond to Defendant's communications following up on the initial settlement offer on June 17, 2016; August 15, 2016; September 13, 2016; October 19, 2016; and December 20, 2016.  (Doc. # 81-1 at 3–4.)  Defendant reassigned Plaintiff's demand to another claim

adjuster, Sheryl Tanaka, who again contacted Plaintiff as to the $5,000 settlement offer on February 9, 2017. (*Id.* at 29.) Plaintiff did not respond.

On March 23, 2017, Plaintiff submitted a supplemental demand to Defendant for the limits of her UIM coverage, along with new medical bills from a cervical MRI and physical therapy. (Doc. # 75 at 2; Doc. # 81-1 at 3.) Defendant updated its evaluation of Plaintiff's claim and extended a revised settlement offer of $10,000 on March 29, 2017. (Doc. # 81-1 at 3, 28.)

On April 3, 2017, Plaintiff submitted additional bills for massage therapy to Defendant. (*Id.* at 2.) Defendant confirmed receipt of the bills but informed Plaintiff that it appeared that as to "the continued massage treatments, two years after the accident, [it] may be questionable whether it is all related" to the collision. (*Id.* at 27.) Approximately a week later, Plaintiff submitted more bills for physical therapy and an MRI. (*Id.* at 2.) Defendant reviewed the new information. (*Id.*) On April 18, 2017, Defendant extended a settlement offer of $15,000 to Plaintiff. (*Id.* at 2, 26.) Plaintiff did not respond to the offer, nor did she respond to Defendant's attempt to follow-up on it on June 8, 2017. *See* (*id.* at 2.; Doc. # 81 at 3.)

Plaintiff initiated this litigation against Defendant on August 1, 2017 (Doc. # 5), and served the summons and complaint on Defendant on September 11, 2017 (Doc. # 6). On November 16, 2017, Defendant sent Plaintiff a check for $5,000, "the amount of [its] initial offer," in recognition that they had "reached an impasse" regarding Plaintiff's claim.[1] (Doc. # 84-7.)

---

[1] It is unclear whether Plaintiff cashed Defendant's check for $5,000.

Pursuant to United State Magistrate Judge Scott T. Varholak's Order permitting Plaintiff to amend her complaint (Doc. # 74), Plaintiff maintains four claims against Defendant: (1) breach of contract; (2) unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116; (3) common law bad faith; and (4) exemplary damages.[2] (Doc. # 75.) She asserts that though she has "fulfilled all conditions precedent to UIM insurance benefits coverage" under the Policy, Defendant's settlement offers have been "intentional, unreasonably low, and grossly unfair." (*Id.* at 2.)

Defendant filed the Motion for Partial Summary Judgment presently before the Court on December 10, 2018. (Doc. # 81.) Defendant argues that it is entitled to summary judgment on Plaintiff's second, third, and fourth claims; it does not seek summary judgment on Plaintiff's claim for breach of contract. *See* (*id.* at 1.) Plaintiff responded to Defendant's motion on January 7, 2019, asserting that "[it] is clear that Defendant neglected its duty to handle Plaintiff's UIM claim in good faith, fairly value her claims, and to do so without unreasonable delay, and that such negligence was willful and wanton." (Doc. # 84 at 11.) Defendant filed its Reply on January 22, 2019. (Doc. # 88.)

A five-day jury trial in this matter is set to begin on August 19, 2019. (Doc. # 96.)

---

[2] Plaintiff conflates two claims in her Amended Complaint. *See* (Doc. # 75 at 2–3.) In a purported claim for "UIM Benefits," she actually seeks relief under two different theories: first, for a breach of contract, and second, for unreasonable delay or denial of benefits under Colorado law. *See* (*id.*) Though the Court does not look kindly upon Plaintiff's imprecise and confounding pleading, it nonetheless will consider Plaintiff to be asserting both a breach of contract claim and a statutory claim, just as Defendant does and Magistrate Judge Varholak did. (Doc. # 81 at 5–6; Doc. # 74 at 2.)

## II.    **APPLICABLE LEGAL STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party—in the matter presently before the Court, in the light most favorable to Plaintiff. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for

5

trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party

may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving

party must "set forth specific facts that would be admissible in evidence in the event of

trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at

671. Stated differently, the party must provide "significantly probative evidence" that

would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d

1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by

reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."

*Id.*

### III.   ANALYSIS

As the Court explained above, Defendant seeks summary judgment only on

Plaintiff's second, third, and fourth claims for relief. *See* (Doc. # 81.) The Court

addresses each of those claims in turn.

### A.   STATUTORY CLAIM FOR UNREASONABLE DELAY OR DENIAL OF BENEFITS

Plaintiff asserts her second claim against Defendant pursuant to Colo. Rev. Stat.

§ 10-3-1115, which provides that "[a] person engaged in the business of insurance shall

not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of

any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). Thus, the two elements of

a claim brought under Colo. Rev. Stat. § 10-3-1115 are: (1) the defendant denied or

delayed payment of benefits to the plaintiff, and (2) the defendant's denial or delay of

payment was without a reasonable basis. Colo. Jury Instr., Civil 25:4. Colo. Rev. Stat.

§ 10-3-1116 permits an insured "whose claim for payment of benefits has been

6

unreasonably delayed or denied" to bring an action against his or her insurer "to recover reasonable attorney fees and court costs and two times the covered benefit." Colo. Rev. Stat. § 10-3-1116(1).

Plaintiff argues that Defendant has violated Colo. Rev. Stat. § 10-3-1115 by "failing to properly evaluate [her] claim," by "failing to conduct a full investigation," and by failing "to offer her additional benefits," and that as a result of this conduct, "additional benefits" she is owed "have been unreasonably delayed."[3] (Doc. # 84 at 11.) More specifically, Plaintiff asserts that Defendant failed to properly account for her "herniated disc in its dollar evaluation." (*Id.* at 12.)

The Court concludes that there is no genuine dispute over facts material to the first element of Plaintiff's statutory claim—that Defendant delayed payment of benefits to her. Plaintiff fails to provide significantly probative evidence of **any** delay on Defendant's part. As the Court recounted above, Defendant evaluated Plaintiff's claim and extended a settlement offer approximately two weeks after Plaintiff submitted her claim, and when Plaintiff subsequently sent additional medical records and bills to Defendant, Defendant updated its evaluations and made new settlement offers within days. *See* (Doc. # 81 at 9.)

Any delay in resolving Plaintiff's claim has been of her own making. Plaintiff failed to respond to Defendant's initial settlement offer for **nine months**, despite Defendant's repeated attempts to communicate with her. *See* (*id.*) After Plaintiff submitted additional documentation in March and April 2017, she again did not respond

---

[3] Plaintiff's statutory claim is focused on unreasonable delay. *See* (Doc. # 84 at 11–12.) She does not assert that Defendant unreasonably denied her request for UIM coverage. *See* (*id.*)

to Defendant's settlement offers and follow-up communications.  *See* (*id.*)  Instead of replying to any of Defendant's outreach, Plaintiff initiated this lawsuit.  *See* (*id.*)  The Court agrees with Defendant that Defendant simply "did not delay this claim in any respect."  (*Id.* at 10.)  Plaintiff's response—that "additional benefits" to which she feels entitled "have been unreasonably delayed"—reveals that her cause of action for unreasonable delay is actually an argument that Defendant has undervalued her claim for UIM coverage.  *See* (Doc. # 84 at 11.)  Plaintiff does not make **any** argument that Defendant did not timely respond to her claim.[4]

Defendant has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law on Plaintiff's claim for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116.  The Court therefore enters summary judgment in Defendant's favor on this statutory claim.

## B.   COMMON LAW BAD FAITH CLAIM

As to Plaintiff's third claim against Defendant, she must prove two elements: (1) that the defendant acted unreasonably under the circumstances, and (2) the defendant either knowingly or recklessly disregarded the validity of the plaintiff's claim for insurance coverage.  *Baumann v. Am. Family Mut. Ins. Co.*, No. 11-cv-00789-CMA-BNB, 2012 WL 122850, *3 (D. Colo. Jan. 17, 2012) (citing *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004)).  Bad faith may encompass an entire course of conduct and can be cumulative.  *Vaccaro v. Am. Family Ins. Grp.*, 2012 COA 9M, ¶ 22 (citing *Dale v. Guar. Nat'l Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997)).

---

[4] Because Plaintiff fails to carry her burden with respect to the first element, the Court need not address the second element of her statutory claim.

With respect to the first element, "the reasonableness of the insurer's conduct must be determined objectively." *Baumann*, 2012 WL 122850 at *3 (quoting *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010)). "[I]t is reasonable for an insurer to challenges claims that are 'fairly debatable.'" *Zolman*, 261 P.3d at 496 (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985)). "Indeed, even if an insurer possesses a mistaken belief that a claim is not compensable, it may be within the scope of permissible challenge." *Id.* at 496 (citing *Savio*, 706 P.2d at 1275–76). What constitutes reasonableness is "ordinarily a question of fact for the jury." *Id.* at 497. But "when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Bankr. Estate of Morris*, 193 P.3d at 524.

Plaintiff's brief argument in support of her common law claim for bad faith is that "based on the facts set forth" in her Amended Complaint (Doc. # 75), "the jury could conclude that [Defendant] has breached its common law duty to treat [her] in good faith," (Doc. # 84 at 13). She also asserts that "only a jury can determine" whether Defendant's alleged "conduct was unreasonable or reckless and was a cause of [her] claimed injuries." (*Id.*) Plaintiff does not specify which of her factual allegations are the basis of her common law bad faith claim. *See generally* (*id.*; Doc. # 75.)

The Court finds no genuine dispute of material fact as to the first element of this claim, whether Defendant acted unreasonably under the circumstances. *See Bankr. Estate of Morris*, 193 P.3d at 524. "[I]t is reasonable for an insurer to challenge claims that are 'fairly debatable.'" *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1261 (10th Cir. 2016) (quoting *Zolman*, 261 P.3d at 496). Plaintiff's claim for UIM

coverage is certainly "fairly debatable."  As Defendant observes, there is no evidence

that it ignored any information Plaintiff presented it; Defendant's records show that it

considered Plaintiff's supplemental documentation and adjusted its settlement offers

upwards accordingly.  *See* (Doc. # 81-1 at 1–3.)  Moreover, Defendant had before it

evidence that prior to the collision, Plaintiff "had . . . low back pain and pelvis pain" and

had "had a cyst removed from her neck."  (*Id.* at 72.)  And given that Plaintiff submitted

bills for physical and massage therapy that did not begin until more than two years after

the collision, Defendant's skepticism as to whether the treatments were related to the

collision was reasonable.  *See* (*id.* at 2.)  The Court agrees with Defendant that there is

a lack of evidence for Plaintiff on the first element of her common law bad faith claim.

Because Defendant convincingly points of the dearth of evidence suggesting it

acted unreasonably, the burden shifts to Plaintiff to "set forth specific facts showing that

there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  Plaintiff fails to carry this

burden.  She does not identify **any** specific facts, let alone specific facts from which a

rational factfinder could find in her favor, suggesting that Defendant acted unreasonably

under the circumstances.  *See generally* (Doc. # 84 at 12–13.)

The Court decides as a matter of law that Defendant did not act unreasonably.[5]

It therefore enters summary judgment in Defendant's favor on Plaintiff's common law

claim for bad faith.

---

[5] Plaintiff cannot establish the first element of her bad faith claim, rendering it unnecessary for
the Court to analyze the second element of the claim.

## C.    CLAIM FOR EXEMPLARY DAMAGES

Plaintiff's final claim against Defendant is "for punitive and/or exemplary damages."  (Doc. # 75 at 4.)  A claim for exemplary damages under Colorado law is "not a separate claim, but rather is 'auxiliary to an underlying claim for actual damages.'" *Heinrich v. Master Craft Eng'g*, 131 F. Supp. 3d 1137, 1161 (D. Colo. 2015) (quoting *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 213 (Colo. 1984)).

> In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is **attended by circumstances of fraud, malice, or willful and wanton conduct**, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded                     to                     the                     injured                     party.

Colo. Rev. Stat. § 13-21-102(1)(a) (emphasis added).  The statute defines willful and wanton conduct as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff."  Colo. Rev. Stat. § 13-21-102(1)(b).  A party requesting exemplary damages "must prove his or her entitlement to them beyond a reasonable doubt."  *Heinrich*, 131 F. Supp. 3d at 1161 (citing *Webster v. Boone*, 992 P.2d 1183, 1189 (Colo. App. 1999)).

Plaintiff's cursorily asserts that due to "Defendant's bad faith breach of its contractual agreement and its abuse of the Insurer-Insured relationship that existed between the parties," she is entitled to recover exemplary damages from Defendant. (Doc. # 75 at 4.)  Plaintiff does not explain why or how "Defendant's conduct has been attended by circumstances of willful and wanton . . . conduct."  (*Id.* at 3.)

Plaintiff fails to show that there is a genuine issue of material fact as to whether Defendant's handling of her claim was attended by circumstances of willful and wanton conduct.  She simply rests on her pleadings—specifically, on her common law bad faith claim that this Court just rejected as a matter of law.  (Doc. # 84 at 14–16.)  *See Anderson,* 477 U.S. at 256.  Defendant is therefore entitled to summary judgment on Plaintiff's claim for exemplary damages.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion for Partial Summary Judgment.  (Doc. # 81.)  It is

FURTHER ORDERED that summary judgment is entered in Defendant's favor on Plaintiff's second, third, and fourth claims.  It is

FURTHER ORDERED that Plaintiff's first claim, for breach of contract, is not affected by this Order.

DATED: July 3, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge